STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. LOUIS WEISSMAN AND IRVING OMONICK, PLAINTIFFS IN ERROR.

Decided June 7, 1927.

**Crimes—Obstruction of Justice—Instructions to Jury After Retirement—Question Submitted in Writing to Attendant, Telephoned to the Judge, Who Answered Over the Phone "Yes" —This Word was Written on Paper Containing Question and Returned to the Jury—Held, so Irregular, and so Likely to be Prejudicial, and so Charged With Harm, That Judgment Must be Reversed.**

On error to the Hudson County Quarter Sessions Court.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the plaintiffs in error, *Feinberg & Feinberg* and *Maurice C. Brigadier.*

For the defendant in error, *John Milton,* prosecutor of the pleas.

PER CURIAM.

The plaintiffs in error, together with one Patrick Leehan, were indicted by the Hudson county grand jury for a conspiracy to prevent and obstruct justice, &c. Patrick Leehan was acquitted. The plaintiffs in error were convicted.

There is a single assignment of error which presents the facts and the legal question arising therefrom, and upon which facts the plaintiffs in error rely for a judgment of reversal.

The assignment reads as follows: "That, after the jury, before whom the issue of facts in the above-entitled cause were tried, had retired to their room for the purpose of considering and weighing the evidence and arriving at a verdict in the said cause, the deputy sheriff, in whose care and custody the jury had been entrusted during their deliberation, and who had been sworn when the jury was entrusted to his custody, by the prescribed oath, in response to a knock from

40

the room, in which the jury was deliberating, opened the door of said room and received from the foreman of the jury, a paper upon which the following request for instructions from the court, was written: 'May the jury convict two of the defendants and acquit the third?' The deputy sheriff received said request or for instructions and without having any communication whatever with any of the jurors closed the door of the jury room and handed the said written request to the sergeant-at-arms of the said court. The sergeant-at-arms immediately telephoned to the judge, who had retired to his home and repeated the request over the telephone to the said judge, and the said judge instructed him to write the answer 'yes' upon the said written request for instructions and returned the same to the jury. That thereupon the said sergeant-at-arms delivered the said papers with requests for instructions and answer aforesaid, to the deputy sheriff, in charge of the said jury, who in turn, knocked on the door and transmitted the paper to the foreman of the jury and immediately closed the door, without having any conversation or further communication with the jury. This request for instruction was desired by the jury at about seven o'clock in the evening. The fact that further instructions were desired by the jury was not communicated to the defendant or counsel for the defendants who was in the court room adjoining the jury room when the request for instructions was desired."

This assignment follows a stipulation between the counsel of the state and of defendants as to the facts concerning the matter of inquiry by the jury, and what occurred at the time.

We think this case is controlled by the case of *State* v. *Duvel*, 4 *N. J. Mis. R.* 719, where it was held by this court that a procedure of this character was so irregular and so likely to be prejudicial to a defendant and so charged with possibilities of harm and abuse as to require a reversal. On appeal to the Court of Errors and Appeals in the cited case, the judgment of the Supreme Court was affirmed at the February term, 1927. 5 *N. J. Adv. R.* 890.

Judgment is reversed, to the end that a *venire de novo* be awarded.